IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANICE REINBOLD, Individually and as Special Administrator of the Estate of GERALD REINBOLD, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCED AUTO PARTS, INC., et al., <br><br> Defendants. | Case No. 18-CV-605-SMY-DGW |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On March 23, 2018, Defendant Crane Co. ("Crane") removed this asbestos action from state court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1442, the federal officer removal statute (Doc. 1). Pending before the Court is Plaintiff Janice Reinbold's Motion to Remand (Doc. 116). Plaintiff contends that remand is appropriate because she disclaimed any causes of action that could provide a basis for federal subject matter jurisdiction and, alternatively, that Crane has not met the requirements for removal under § 1442. Crane filed a Response (Doc. 153). For the following reasons, Plaintiff's Motion to Remand is **DENIED**.

## Background

Plaintiff Janice Reinbold brings this wrongful death action individually, and as Special Administrator of the Estate of Gerald Reinbold, her deceased husband. Plaintiff claims that Gerald Reinbold was first exposed to asbestos in approximately 1967 while working as a shipfitter at Puget Sound Naval Shipyard; he continued to work at the shipyard until 1979 (Doc. 1-14). She further alleges that Reinbold was exposed to asbestos while performing home

construction remodeling and home automotive repair work throughout the 1960s and 1970s. *Id*. Plaintiff claims that her husband's asbestos exposure caused him to develop lung cancer, which led to his untimely death. *Id*.

Plaintiff's Complaint contains four Counts: Count I – Negligence as to Manufacturers of Asbestos Products; Count II – Willful and Wanton Conduct; Count III – Conspiracy; and Count IV – Loss of Consortium. The Complaint also includes the following disclaimer:

> Every claim arising under the constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or any federal office of the U.S. or agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised…

(Doc. 1-14, ¶ 15).

## **Discussion**

The federal officer removal statute permits removal of a state court action to federal court when such action is brought against "[t]he United States or an agency thereof of any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). "The basic purpose of the statute is to protect the federal government from the interference with its operations which would ensue if a state were able to try federal officers and agents for alleged offenses committed while acting within the scope of their authority." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007). Section 1442 also ensures that the validity of any official immunity defense is tried in federal court. *Rodas v. Seidlin*, 656 F.3d 610, 617 (7th Cir. 2011).

Although removal statutes are typically construed narrowly, with any doubt as to the right of removal resulting in remand to state court, the Supreme Court instructs that "the policy favoring removal should not be frustrated by a narrow, grudging interpretation of §1442(a)(1)."

*Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)). To effectuate removal under § 1442, the removing defendant must establish: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25 (1989).

### Waiver

As an initial matter, the Court must determine whether Plaintiff's disclaimer precludes Crane's government contractor immunity defense and, correspondingly, the basis for removal of this action. Plaintiff's decedent worked as a shipfitter at Puget Sound Naval Shipyard from 1967 until 1979. Crane contends that his alleged exposure to asbestos-containing products while working at the Navy shipyard gives rise to Crane's federal defense.

For her part, Plaintiff asserts that she has expressly waived "all claims arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office." As a result, she argues, Crane is asserting a government contractor defense to a nonexistent claim.

Federal courts "recognize a distinction between artful pleading designed to circumvent federal officer jurisdiction, and express disclaimers of the claims that serve as the grounds for removal under Section 1442(a)(1)." *Dougherty v. A O Smith Corp.*, 2014 WL 3542243, at *10 (D. Del. July 16, 2014). In that vein, courts have held that disclaimers did not defeat removal where (1) the plaintiffs only waived federal claims or (2) the plaintiffs sought to hold the defendant liable for acts or omissions related to its asserted official authority in contravention to the language of the disclaimer. *See, e.g., Boyd v. Boeing Co.,* 2015 WL 4371928, at *6 (E.D. La.

July 14, 2015) (rejecting disclaimer because facts of case suggested that it was likely that the defendants would rely, at least in part, on a government contractor defense); *In re Asbestos Prods. Liability Litig. (No. VI)*, 770 F. Supp. 2d 736, 742–43 (E.D. Pa. 2011) (finding that the plaintiffs' disclaimer provision did not defeat removal where the disclaimer purported to exclude any acts or omissions of the defendants "committed at the specific and proven direction of an officer of the United States government acting in his official capacity," yet "the only claims alleged against" the removing defendant arose "from exposure on U.S. Naval ships at U.S. Naval shipyards ... for which [the defendant] has a 'colorable' federal defense"); *Redman v. A.W. Chesterton Co.*, 2008 WL 4447729, at *3 (N.D. Cal. Sept. 30, 2008); *Hayden v. 3M Company*, 2015 WL 4730741 (E.D. La. Aug. 10, 2015).

By contrast, courts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based. *Dougherty,* 2014 WL 4447293 at * 10; *see also Maguire v. A.C. & S., Inc.*, 2015 WL 4934445, at *2 (S.D.N.Y. Aug. 18, 2015) (collecting cases); *Kelleher v. A.W. Chesterton Co.*, 2015 WL 7422756, at *2 (S.D. Ill. Nov. 23, 2015). In those cases, courts concluded that the disclaimers explicitly renounced claims of a specific nature, and were not merely an attempt to circumvent federal jurisdiction. *See Maguire*, 2015 WL 493445, at * 2 (disclaimer stated that "no claims are made for asbestos exposures which are alleged to have occurred aboard any military vessel or vehicle, on or at any shipyard or on or at any governmental facility or location"); *Dougherty*, 2014 WL 4447293, at * 1 (disclaimer stated that plaintiffs "hereby waive as the basis for any relief in this case exposures that may have occurred during Mr. Dougherty's service in the United States Navy from 1945 to 1947…plaintiffs also hereby waive all claims against Crane stemming from Mr. Dougherty's asbestos exposure from any federal government job site and aboard Navy ships or

any other military vessel"); *Madden v. A.H. Voss Co.,* 2009 WL 3415377, at *2 (N.D. Cal. Oct. 21, 2009)(disclaimer stated that "plaintiff's claims against specific defendants excluded plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels).

Here, Plaintiff's disclaimer is akin to the disclaimers that have been routinely rejected. The disclaimer is circular, and does not apply to claims based on all exposure on Navy jobsites, but only those exposures which, in Plaintiff's estimation, occurred as a result of Crane's (or other defendants') operation within the bounds of the federal officer removal statute. *See Marley v. Elliot Turbomachinery Co.*, 545 F.Supp.2d 1266, 1275 (S.D. Fla. 2008). The disclaimer does not waive any claim arising out of work done on federal premises, irrespective of whether the work was done under the requirements of a federal agency or not.

The majority of Reinbold's alleged exposure occurred during his employment at the Navy shipyard. If Plaintiff were to disclaim recovery for any injuries he suffered due to his Navy exposure, she would likely have no remaining claim to pursue. As such, Plaintiff's disclaimer cannot defeat federal officer removal.

**Federal Officer Jurisdiction**

Plaintiff also argues that this case should be remanded because Crane's supporting affidavits and exhibits do not set forth reasonably precise specifications necessary for the government contractor defense, but instead contain only generic specifications that are not specific to any products at issue. But Plaintiff's arguments ignore the standard enunciated in *Ruppel*; that the government contractor defense need only be "colorable," not "clearly sustainable," at this stage of the litigation. *Ruppel*, 701 F.3d at 1182. In fact, courts have found that the exact or substantially similar evidence submitted by Crane supports removal under federal office jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014); *Zeringue v.*

*Crane Co.*, 846 F.3d 785 (5th Cir. 2017); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014). This Court joins them.

Having found Crane's evidentiary support to be adequate, the Court turns to the merits of Crane's removal under § 1442. "In construing statutes, unless the context indicates otherwise, the words 'person' includes corporations and companies…as well as individuals." *Ruppel*, 701 F.3d at 1181. Plaintiff does not dispute that Crane is a person within the meaning of the statute.

Next, Crane has established that it was acting under the direction of the U.S. Navy within the meaning of § 1442(a)(1). The Affidavits and exhibits submitted by Crane demonstrate that it made and supplied equipment for Navy vessels under contracts between Crane and the Navy. Crane acted under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy, and its products were designed and manufactured in compliance with the contracts and specifications approved by the Navy. Thus, Crane was "acting under" a federal officer.

The third element requires that a causal connection exist between the conduct complained of and the assertion of official authority. Plaintiff alleges that her husband was exposed to Crane's asbestos and that Crane failed to warn of the dangers of asbestos. Crane in turn asserts that the Navy required it to include asbestos in its products and that the Navy dictated exactly what warnings could be included on a ship's components. Based on these allegations, the Court is satisfied at this point in the proceedings that Crane was acting under color of federal authority throughout the complained of course of conduct. *Ruppel,* 701 F.3d at 1181.

Finally, Crane argues that the government-contractor defense is a colorable federal defense to Plaintiff's claims. At this juncture, the question is not whether Crane will ultimately prevail on its defense, but whether a federal court has jurisdiction to hear Crane's defense.

*Ruppel*, 701 F.3d at 1182. In other words, "[t]he validity of Crane's defense may be hotly contested and may present complex issues, but the propriety of removal does not depend on answers to those questions; rather the claimed defense need only be plausible". *Ruppel,* 701 F.3d at 1182. Based on the information currently before the Court, including sworn statements and documents submitted in support, Crane could plausibly satisfy the elements of the government contractor defense.

## Conclusion

For the foregoing reasons, the Court finds that Defendant Crane Co. has met its burden of establishing federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Accordingly, Plaintiff Janice Reinbold's motion to remand is **DENIED**.

Pursuant to this Court's May 3, 2018, Order (Doc. 140), Plaintiff is **GRANTED** leave to serve limited discovery on Defendants regarding the issue of personal jurisdiction only on or before July 10, 2018; Defendants shall serve responses no later than 21 days following service.

Plaintiff shall respond to all pending motions to dismiss by August 15, 2018, or by the time allowed pursuant to the Federal Rules of Civil Procedure, whichever time is greater. **Extensions of the above-referenced deadlines are not likely to be granted absent extraordinary circumstances**.

**IT IS SO ORDERED.**

**DATED: June 19, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**