IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANICE REINBOLD, Individually and as Special Administrator of the ESTATE of GERALD REINBOLD, DECEASED, <br><br>  Plaintiff, <br><br> vs. <br><br> ADVANCED AUTO PARTS, INC., et al., <br><br>  Defendants. | Case No. 18-CV-605-SMY-DGW |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions to dismiss for lack of jurisdiction filed by Defendants American Optical Corporation (Doc. 40), Welco Manufacturing Corporation (Doc. 170), and York International Corporation (Doc. 235); filed between March 30, 2018 and July 13, 2018. Plaintiff's responses were due by August 15, 2018. However, Plaintiff has failed to file a response to any of the pending motions to dismiss. For the following reasons, the motions are **GRANTED**.

In its discretion, the Court may construe a party's failure to file a timely response as an admission of the merits of the motion. The Court will do so in this case. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results.").

Defendants each argue that this Court lacks jurisdiction over them in this matter. In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Thus, a district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). Personal jurisdiction may be either specific or general. *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction exists when an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Here, Plaintiff's Complaint alleges that Gerald Reinbold was exposed to asbestos from Defendants' products during his employment as a shipfitter at Puget Sound Naval Shipyard in Bremerton, Washington, from 1967 until 1979. Plaintiff also alleges exposure from home remodeling and automotive repair work during the same time frame. But the Complaint is devoid of any allegation that Plaintiff's alleged injuries arose out of or relate to the Defendants' contacts with Illinois. As such, this Court lacks specific personal jurisdiction over Plaintiff's claims against these defendants.

General jurisdiction exists over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851. The place of incorporation and principal place of business

are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

Defendants are not incorporated nor maintain their principal place of business in Illinois.[1] Moreover, Defendants' affiliations with Illinois are not "so continuous and systematic" as to render Defendants at home in Illinois. Accordingly, the Court **GRANTS** Defendants' motions to dismiss. As no Counts remain pending against these defendants, the Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: August 24, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**

---

[1] American Optical Corporation is a Delaware corporation with its principal place of business in Connecticut; Welco Manufacturing Corporation was a Missouri corporation with its principal place of business in Missouri, and York International Corporation is a Delaware corporation with its principal place of business in Wisconsin.